**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 97-31127
_____

CURTIS LAURENTS, ET AL

                    Plaintiffs

CURTIS LAURENTS; MICKEY SULLIVAN; RICHARD
LANDRENEAU; RICHARD PERRY; JOHN ACKERS; JOHN
CHADDICK; RONALD QUARLES; L T BARROW; R J
RICHARDS; M A TAYLOR; R G MARCANTEL; D J
VICTORIAN; R C SCHEXNEIDER; L BELLARD; G W
BURCH; A V ARDOIN; W D JOHNSON; J R MCCOY; F
GUIDRY; M K MILLER; H R LOFASO; C D LAFARGUE;
J M LABOVE; R R CHALINE; A D HARTSTINE; M
FONTENOT; C J HARRIS; E BODIN; W H BRUNKHARDT;
T M CHAPMAN; E FAUL; M TRAHAN; D RICHARDSON; J
R SMITH; C T MOORE; J L SMITH; R C WILLIAMSON;
E BERRY; K W HEBERT; D L FRYE; W P MCCREADY; F
R ANTOINE; C RECHY; J S GUILLORY; J JOSEPH; B
D PHILLIPS; J R COLEMAN; J ENGEL; ERNEST
WILEY; CARLTON BOUDREAUX; RICK DAVIS; IDA
REED; LAKE CHARLES METAL TRADES COUNCIL, on
behalf of Members Employed by Arcadian


                    Plaintiffs-Appellees,

versus


ARCADIAN CORPORATION; ERNEST ELSBURY; DANA
BAHAM


                    Defendants - Appellants.


_____

No. 97-31147
_____

MICKEY SULLIVAN; ET AL

Plaintiffs

MICKEY SULLIVAN; CURTIS LAURENTS; RICHARD
LANDRENEAU; JOHN R AKERS; CARL BOUDREAUX;
MICHAEL TRAHAN; E FAUL; RICHARD PERRY; JOHN
CHADDICK; RONALD QUARLES; L T BARROW; R J
RICHARDS; M A TAYLOR; R G MARCANTEL; WILLIAM J
BRUNKHARDT; D J VICTORIAN; R C SCHEXNEIDER; L
BELLARD; G W BURCH; A V ARDOIN; W D JOHNSON; J
R MCCOY; F GUIDRY; M K MILLER; H R LOFASO; C D
LAFARGUE; J M LABOVE; R R CHALINE; A D
HARTSTINE; M FONTENOT; C J HARRIS; E BODIN; W
H BRUNKHARDT; T M CHAPMAN; D RICHARDSON; J R
SMITH; C T MOORE; J L SMITH; R C WILLIAMSON; E
BERRY; K W HEBERT; D L FRYE; W P MCCREADY; F R
ANTOINE; C RECHY; J S GUILLORY; J JOSEPH;
MILTON L TAYLOR; B D PHILLIPS; J R COLEMAN; J
ENGEL; ERNEST WILEY; RICK DAVIS; IDA REED;
LAKE CHARLES METAL TRADES COUNCIL, on behalf
of Members Employed by Arcadian; DAVID A BAHAM

Plaintiffs-Appellees,

versus

ARCADIAN CORPORATION; ERNEST ELSBURY; DANA
BAHAM

Defendants - Appellants.

_____

No. 97-31166
_____

MICKEY SULLIVAN, ET AL

Plaintiffs

MICKEY SULLIVAN; CURTIS LAURENTS; RICHARD
LANDRENEAU; RICHARD PERRY; JOHN ACKERS; JOHN

-2-

CHADDICK; RONALD QUARLES; L T BARROW; R J RICHARDS; M A TAYLOR; R G MARCANTEL; D J VICTORIAN; WILLIAM J BRUNKHARDT; R C SCHEXNEIDER; L BELLARD; G W BURCH; A V ARDOIN; W D JOHNSON; J R MCCOY; F GUIDRY; M K MILLER; H R LOFASO; C D LAFARGUE; J M LABOVE; R R CHALINE; A D HARTSTINE; M FONTENOT; C J HARRIS; E BODIN; W H BRUNKHARDT; T M CHAPMAN; D RICHARDSON; J R SMITH; C T MOORE; J L SMITH; R C WILLIAMSON; E BERRY; K W HEBERT; D L FRYE; W P MCCREADY; F R ANTOINE; C RECHY; J S GUILLORY; J JOSEPH; MILTON L TAYLOR; B D PHILLIPS; J R COLEMAN; J ENGEL; ERNEST WILEY; CARLTON BOUDREAUX; RICK DAVIS; IDA REED; DAVID A BAHAM; LAKE CHARLES METAL TRADES COUNCIL, on behalf of Members Employed by Arcadian; MICHAEL TRAHAN; E FAUL

                    Plaintiffs-Appellees,

versus


ARCADIAN CORPORATION; ERNEST ELSBURY; DANA BAHAM

                    Defendants - Appellants.

_____

Appeals from the United States District Court
     For the Western District of Louisiana
                (93-CV-1475)
_____

                August 11, 1998

Before DAVIS, EMILIO M. GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

_____

    [*]     Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

                    -3-

Arcadian Corporation and its officers (collectively, "Arcadian") appeal the district court's order remanding several unspecified state law claims to state court.[1] We reverse and render judgment in favor of Arcadian, dismissing the plaintiffs claims as preempted by section 301 of the Labor Management Relations Act ("LMRA"). *See* 29 U.S.C. § 185(a).

I.

This appeal arises out of three companion cases brought by the Lake Charles Metal Trades Council ("the Union") and fifty-five employees of Arcadian ("the employees") based on the explosion and subsequent closing of Arcadian's Lake Charles plant following a reactor failure.[2] In their amended petitions, the employees and the Union alleged numerous state and federal claims against Arcadian.[3] The district court ultimately dismissed all of the federal claims, and the employees do not challenge that dismissal

---

[1] The plaintiffs contend that they have set forth the following state law claims: (1) strict liability for custody of the defective reactor; (2) absolute liability for engaging in an ultrahazardous activity; (3) punitive damages for the reckless handling of a toxic substance; (4) intentional infliction of emotional distress; and (5) an intentional tort. Although plaintiffs also brought an unfair trade practices claim, counsel for plaintiffs abandoned this claim at oral argument. The district court did not specify which of these claims it was remanding to state court.

[2] Counsel for plaintiffs conceded at oral argument that the Union must be dismissed as a plaintiff.

[3] There were also several personal injury class-action suits brought against Arcadian as a result of the explosion. Notably, none of these employees joined the personal injury suits.

here. Without specifically identifying the remaining claims, the court then ordered that "the plaintiffs' remaining state law claims be remanded to state court."

II.

On appeal, Arcadian argues that the district court erred in failing to dismiss the state-law claims as preempted by section 301 of the LMRA. We agree.

We have explained that "[a] state tort claim is preempted by section 301 if 'evaluation of the tort claim is inextricably intertwined with consideration of the terms of the labor contract." *Baker v. Farmers Elec. Co-Op, Inc.*, 34 F.3d 274, 279 (5th Cir. 1994) (quoting *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 212, 105 S. Ct. 1904, 1912, 85 L. Ed. 2d 206 (1985)). Here, the plaintiffs have not alleged any physical or serious emotional injuries. Instead, the employees' claims stem from the closing of the plant and their subsequent loss of employment. These injuries relate directly to the collective bargaining agreement ("CBA") and the parties' employment contracts. Thus, we hold that the employees' state law claims are "inextricably intertwined" with the terms of the parties' collective bargaining agreement. *See IBEW v. Hechler*, 481 U.S. 851, 107 S. Ct. 2161, 95 L. Ed. 2d 791 (1987); *Baker*, 34 F.3d at 279. The plaintiffs conceded as much in their response to an interrogatory, stating that "[w]hen Arcadian knowingly, willingly and intentionally allowed the reactor to

explode, it verified their intent to breach the collective bargaining agreement with the Lake Charles Metal Trades Council." Accordingly, the plaintiffs' claims are preempted by section 301 of the LMRA and they should have been dismissed rather than remanded by the district court.

The plaintiffs, however, assert that at least five employees have claims that are not preempted by section 301 because these employees have suffered physical or emotional injuries. In support of this contention, the plaintiffs note that they responded to Arcadian's motion for summary judgment by producing evidence that one employee))Dennis Smith))suffered physical injuries from the explosion, and that four employees))Cleveland Harris, Mickey Sullivan, Freddy Guidry, and Edward Faul))suffered pre-explosion anxiety and distress based on their knowledge of the leak and fear that the plant would explode.

Although the plaintiffs assert that Dennis Smith's claim for an intentional tort and the remaining four plaintiffs' claims for the intentional infliction of emotional distress are not preempted, they have failed to plead sufficiently these two intentional tort claims in their petitions. With respect to the plaintiffs' purported pleading of an intentional tort claim for physical injuries, we note that the plaintiffs' petitions, although not models of clarity, set forth identifiable claims in separate paragraphs. Significantly, no paragraph within the petitions references an intentional tort that caused physical injuries. More

importantly for the purposes of notice pleading under Federal Rule of Civil Procedure 8, nowhere in the petitions do the plaintiffs claim that they suffered physical injuries. To the contrary, the petitions refer only to emotional damages and injuries flowing from the plant's closing. This is consistent with the fact that there was a separate state court tort action to recover traditional tort damages flowing from the explosion and the fact that the plaintiffs first contended that they had pleaded claims for an intentional tort leading to physical injuries in response to Arcadian's motion for summary judgment. Thus, Dennis Smith's intentional tort claim for his physical injuries was not before the district court.

The intentional infliction of emotional distress claims made by Cleveland Harris, Mickey Sullivan, Freddy Guidry, or Edward Faul in response to Arcadian's motion for summary judgment are also not set forth in the petitions. In Paragraph 26, which is one of the two paragraphs in the petitions discussing emotional distress, the plaintiffs allege that this distress flowed from Arcadian's OSHA violation, rather than the continuing operation of the reactor in the face of a known leak. Likewise, in the first half of Paragraph 27, which is the other paragraph in the petitions referencing emotional distress damages, the plaintiffs claim that this distress was caused, not by Arcadian, but by defendants Elsbury and Baham's "tortious interference" with the CBA. This claim is clearly preempted.

In the second half of Paragraph 27, the plaintiffs raise an

additional blunderbuss claim against Elsbury and Baham, but fail to aver specifically that they suffered any emotional distress as a result of the failure of these two defendants "to stop production when it was known that the reactor was leaking."  Instead, the plaintiffs claim that Elsbury and Baham are liable for "all damages as set forth herein."  Because we have construed the plaintiffs' petitions as seeking damages from Arcadian for economic losses flowing from the closing of the plant, this blanket reference to "all damages" suggests that the plaintiffs are also seeking to recover their economic damages from these two individual defendants.  This interpretation of the petitions is bolstered by the fact that the wrongful conduct attributed to Elsbury and Baham in Paragraph 27 is alleged to have "led to the explosion at the Arcadian plant," which of course led to the closing of the plant and the economic injuries for which the plaintiffs are seeking redress.  Thus, the intentional infliction of emotional distress claims of these four plaintiffs were also not before the district court.

In conclusion, our review of the petitions indicates that there were no non-preempted state-law claims for the district court to remand to state court.  Accordingly, each suit should have been dismissed in its entirety and we may render judgment in favor of Arcadian.

### III.

For the foregoing reasons, we REVERSE the district court's

decision to remand the plaintiffs' state-law claims to state court and RENDER judgment in favor of Arcadian.

EMILIO M. GARZA, Circuit Judge, concurring in part and dissenting in part:

While I agree that the state law claims of fifty of the plaintiffs are preempted by section 301 of the Labor Management Relations Act, *see* 29 U.S.C. § 185(a), I would reach a different result for the five plaintiffs who have presented some evidence of physical or severe emotional injury related to the explosion))the intentional tort claim by plaintiff Dennis Smith, and the intentional infliction of emotional distress claims by plaintiffs Cleveland Harris, Mickey Sullivan, Freddy Guidry, and Edward Faul. Contrary to the plaintiffs' assertions, however, these five claims have been pled against only the individual defendants, Ernest Elsbury and Dana Baham. Accordingly, I would remand the five plaintiffs' tort claims against the individual defendants for a determination by the district court as to whether such claims are precluded by the related class action personal injury suits.